UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT S. PHILPOTT                                                                  PLAINTIFF

v.                    Civil No. 2:16-CV-02222-PKH-JRM

SEBASTIAN COUNTY DETENTION                                                          DEFENDANT
CENTER

## ORDER

Plaintiff, Robert S. Philpott, submitted this pro se action for filing on September 8, 2016. (Doc. 1). Currently before the Court is Plaintiff's failure to follow a Court order and failure to prosecute.

## I. BACKGROUND

Plaintiff filed his complaint on September 8, 2016. (Doc. 1). Plaintiff's IFP application was denied on December 7, 2016, pursuant to 28 US.C. § 1915(g). (Doc. 5). Plaintiff was directed to pay the filing fee by January 6, 2017, or his case would be dismissed with prejudice for failure to obey a Court order. (Doc. 5) This order was not returned as undeliverable. Plaintiff has not paid the filing fee. Plaintiff has not communicated with the Court since filing his complaint on September 8, 2016.

## II. LEGAL STANDARD

While pro se pleadings are to be construed liberally, a pro se litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

It is the duty of any party not represented by counsel to promptly notify the Clerk

and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2)

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district Court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III. DISCUSSION

Plaintiff has failed to comply with a Court order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules

and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IV.     CONCLUSION**

For these reasons, Plaintiff's complaint is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 9th day of May, 2017.

*/s/P. K. Holmes, III*
HON. P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE